Parker C. J.
delivered the opinion of the Court. When two parties contract to do each a certain thing to the other on the same day, and the thing to be done by the one is the consideration for that which is to be done by the other, the one who would compel a performance must show an offer and a readiness to do what is to be done on his part. This is analogous to the principles which regulate covenants which are mutual and dependent. The law is thus laid down in the case of Collins v. Gibbs, 2. Burr 899; Jones *167 v. Barkley, 2 Doug. 684, and in other cases cited by the defendant’s counsel.
This doctrine is applicable to the case before us. King agrees that he will buy of Dana a certain number of shares in the United States Bank within a certain time, and Dana agrees that he will sell those shares, and the price is to be paid when the shares shall be transferred. Here neither can maintain an action against the other, without averring and proving that he had offered to do what belonged to him to perform ; for the one shall not be held to part with his money without getting the stock, nor the other with his stock without getting the money.[1]
The effect of this principle is attempted to be avoided by a reliance upon the concluding clause in the written agreement, under which King has the right to elect the time, after a month and within a year from the date of the contract, within which he will have the transfer, giving a week’s notice to Dana ; but we think this provision does not alter the condition of the parties as to the duty imposed on them preliminary to their action. If King did not request the transfer till within a week before the expiration of the year, Dana should then, or perhaps any time before the year expired, have offered to transfer the stock. Not having done that, both parties have suffered the contract to die. And the case of Collins v. Gibbs is decisive upon this point. There it was averred, that in consideration that the plaintiff, at the special instance and request of the defendant, would execute to him a general release, the defendant promised to pay the costs and expenses of a certain suit which had been pending between the parties. The defendant had been defaulted and a writ of inquiry executed, and' after all this a motion in arrest of judgment was sustained for the want of an averment of a tender of the release.[2]

Plaintiff nonsuit.

 Bordenave v. Gregory, 5 East, 107 ; Hunt v. Livermore, 5 Pick. 395 ; Howland v. Leach, 11 Pick. 151 ; Kane v. Hood, 13 Pick. 281 ; Ackley v. Elwell, 5 Halsted, 304; Bank of Columbia v. Hagnor, 1 Peters, 464 ; Dakin v. Williams, 11 Wendell, 69; Dox v. Dey, 3 Wendell, 356.

 Parker v. Parmele, 20 Johns. R. 130 ; Holdipp v Otway, 2 Saund. 108, note 3; Smith v Wilson, 8 East, 442.